## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CESAR FLORES-RAMIREZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>BRIAN FOSTER,<br><br>　　　　　　　　　　Respondent. | Case No. 14-CV-344-JPS<br><br><br>ORDER |

　　　　The petitioner, Cesar Flores-Ramirez ("Mr. Ramirez"), filed a petition for a writ of habeas corpus raising three claims. Mr. Ramirez had previously raised two of those claims in an earlier petition. (*See* Docket #6 (citing *Flores-Ramirez v. Pollard*, Case No. 06-CV-56)). Thus, the Court found that the petition was likely barred as second or successive, but was concerned with dismissing the petition in its entirety because the third claim, relating to the insufficiency of a post-conviction hearing, had never been raised before. (*See* Docket #6 at 2–3). The Court requested further briefing from the respondent ("the State") on this issue, but noted that the State could also argue that there was some other bar preventing the Court from considering that third ground. (*See* Docket #6 at 3–5). The State responded, primarily arguing that the third ground was procedurally defaulted. (Docket #13). The Court agreed, but noted that Mr. Ramirez should have an opportunity to show "either: (1) that: (a) there was cause for his procedural default of the due process claim; and (b) he suffered prejudice therefrom; or (2) there will be a miscarriage of justice if this Court does not consider the petitioner's claims." (Docket #16 at 3–4 (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Woods v. Schwartz*, 489 F.3d 368, 373 (7th Cir. 2009))). The Court directed briefing from the parties on that topic, which is now complete. (Docket #22, #25).

Mr. Ramirez cannot show cause, prejudice, or a miscarriage of justice; therefore, his third claim cannot escape procedural default.

"Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim." *Richardson v. Lemke*, 745 F.3d 258, 272 (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). Mr. Ramirez makes, at most, three separate arguments in favor of a finding of cause: (1) that the facts supporting his third claim were not available at the time that he procedurally defaulted on the claim; (2) that he appealed *pro se*, assisted solely by a fellow inmate; and (3) that he attempted to file a reconsideration motion to more fully develop the argument. None of those establishes cause. The first is clearly incorrect, as the factual basis for the claim—that the circuit court did not subpoena necessary witnesses for the post-conviction hearing—was obviously known to Mr. Ramirez at the time of his appeal from that hearing. (*See* Docket #1, Ex. 1 at 61). This is not a situation where the factual basis for Mr. Ramirez's claim was unavailable as may constitute cause under *Murray v. carrier*, 477 U.S. 478, 488 (1986). The second argument fails because a litigant's *pro se* status is—as a matter of law—not sufficient cause to excuse procedural default. *See, e.g.*, *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992) (citing *Prihoda v. McCaughtry*, 910 F.2d 1379, 1386 (7th Cir. 1990); *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986)). As to the third argument, Mr. Ramirez's *later* attempt to correct his failure to adequately raise his ground does not show that some external impediment prevented him from adequately raising the ground in the first place.

"Prejudice is established by showing that the violation of the petitioner's federal rights, 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (emphasis in original) (quoting *Lewis*, 390 F.3d at 1026). Mr. Ramirez has not shown how the testimony of the absent witnesses affected his post-trial hearing. In any event, the Court cannot find any case law to support Mr. Ramirez's position that the failure of the circuit court to call those witnesses at the post-conviction hearing worked to his "actual and substantial disadvantage."

Finally, Mr. Ramirez has not even come close to establishing a fundamental miscarriage of justice.

> The fundamental miscarriage of justice standard erects an extremely high bar for the habeas petitioner to clear. It applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted. Such proof must take the form of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The petitioner must prove, based on this evidence, that it was more likely than not that no jury would have convicted him at trial were the new, exculpatory evidence available.

*McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013) (internal citations omitted) (citing *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir.2003); *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Mr. Ramirez has not set forth *any* new evidence—let alone reliable evidence—that would convince the Court that a reasonable jury would not have convicted him. As such, he has not established a fundamental miscarriage of justice.

Having determined that Mr. Ramirez has not shown cause-and-prejudice or a miscarriage of justice, the Court must conclude that his procedural default of his third claim is fatal to his ability to now assert that claim.

Thus, even if Mr. Ramirez's entire petition is not barred as second or successive, the portion that would not be so barred is clearly procedurally defaulted. The Court is, therefore, obliged to deny his petition in its entirety.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. The denial of the petition is two-fold—based upon successiveness and procedural default—and both foundations are solid. No reasonable jurist would disagree with the Court's determination.

Accordingly,

IT IS ORDERED that Mr. Ramirez's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge